# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | | |
|---|---|---|
| TERRY EDWARD ELLISON, | ) | |
| | ) | Case No. 3:20-cv-88 |
| *Plaintiff,* | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Debra C. Poplin |
| CLAIBORNE COUNTY, LT. STARLA | ) | |
| BERRY, and SHERIFF BOBBY BROOKS, | ) | |
| | ) | |
| *Defendants.* | ) | |

## MEMORANDUM AND ORDER

The Court is in receipt of a *pro se* prisoner's complaint for violation of 42 U.S.C. § 1983 (Doc. 2) and related motion for leave to proceed *in forma pauperis* (Doc. 1). The Court will address Plaintiff's motion for leave to proceed *in forma pauperis* before screening the complaint in accordance with the Prison Litigation Reform Act ("PLRA").

## I.    MOTION TO PROCEED *IN FORMA PAUPERIS*

It appears from the motion for leave to proceed *in forma pauperis* that Plaintiff lacks sufficient financial resources to pay the filing fee in this action. Accordingly, pursuant to 28 U.S.C. § 1915, this motion (Doc. 1) will be **GRANTED**.

Because Plaintiff is an inmate in the Scott County Justice Center, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period

preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, and to the Attorney General for the State of Tennessee. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk also will be **DIRECTED** to provide a copy to the Court's financial deputy.

## II.    SCREENING

### A.  Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B), 1915A; *Benson v. O'Brian*, 179 F.3d 1014, 1015 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe *pro se* pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

**B. Allegations of Complaint**

Plaintiff was housed at the Claiborne County Jail until February 11, 2020, when he was transported to the Blount County Jail "for safe keeping." (Doc. 2, at 3.) Prior to his transfer, he was advised that he could take his property with him. (*Id*.) Plaintiff maintains that when he was actually transferred, however, Lt. Starla Berry refused to allow him to take paperwork directly related to his Claiborne County criminal case and his pending lawsuit under 42 U.S.C. § 1983. (*Id*.) Therefore, he contends, he has been prevented "from going forward" with his civil lawsuit and criminal case. (*Id*.)

Plaintiff was apparently transferred back to the Claiborne County Jail by February 23, 2020, as he alleges that on that date, he made a written statement concerning "sexual contact and harassment [sic]" by another Claiborne County inmate, gave it to Claiborne County Jail staff, and requested that an investigation be performed by Sheriff Bobby Brooks in accordance with Prison Rape Elimination Act ("PREA") guidelines. (*Id*. at 4.) Plaintiff contends that no

investigation was performed, however, and that he has suffered fear, anxiety, embarrassment, and trauma as a result.  (*Id*.)

Finally, Plaintiff contends that he is being randomly transferred between the Claiborne County Jail and the Blount County Jail, ostensibly for "safe housing."  (*Id*. at 5.)  He believes, however, that the transfers are really retaliation "for current legal complaints."  (*Id*.)  Plaintiff requests that the Court award him compensatory and punitive damages for his "pain and suffering" caused by the constitutional violations alleged in the complaint.  (*Id*. at 7.)

### C.  Analysis

#### i.  *Deprivation of Legal Materials*

First, Plaintiff's allegation that Lt. Starla Berry deprived him of his legal materials upon his transfer to the Blount County Jail implicates two separate constitutional principles:  the right to due process, and a prisoner's limited right to access the courts.  *See Bounds v. Smith*, 430 U.S. 817, 821–22 (1977) (finding prisoners have a constitutional right of access to the courts); *Range v. Douglas*, 763 F.3d 573, 588 (6th Cir. 2014) (noting the Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law"). The Court will address each in turn.

#### a.  <u>Due Process</u>

The United States Supreme Court has held that the Due Process Clause of the Fourteenth Amendment is not violated when a State employee randomly deprives an individual of property, provided that the State makes available a meaningful post-deprivation remedy.  *Parratt v. Taylor*, 451 U.S. 527, 543 (1981)*, overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (extending *Parratt*'s holding to intentional deprivations of property).  Thus, to state a § 1983 claim premised on a procedural due process violation for such a deprivation, Plaintiff is "required to plead . . . that there is no

4

adequate state-law remedy for this deprivation." *Hill v. City of Jackson, Michigan*, No. 17-1386, 2018 WL 5255116, at *3 (6th Cir. Oct. 22, 2018).

Plaintiff has not pled that he was permanently deprived of his legal paperwork, and as the Court has already noted, he was returned to the Claiborne County Jail within two weeks of his initial transfer. (*See* Doc. 2, at 3–4.) Regardless, Plaintiff has not pled that Tennessee's post-deprivation procedures are inadequate for redressing the alleged wrong as is necessary to sustain his § 1983 claim. *See Vicory v. Walton*, 721 F.2d 1062, 1063 (6th Cir. 1983). Additionally, the Court notes that Tennessee law provides for the recovery of personal property. *See McQuiston v. Ward*, 2001 WL 839037, at *1 (Tenn. Ct. App. July 25, 2001) (citing Tenn. Code. Ann. §§ 29-30-101, 29-30-201). Plaintiff has not shown that these state remedies are inadequate and, therefore, has not stated a claim that would entitle him to relief under § 1983 for the deprivation of his personal property. Accordingly, this claim will be **DISMISSED**.

### b.  Access to the Courts

Plaintiff alleges that because Lt. Berry refused to allow him to take his legal paperwork with him to the Blount County Jail, he was prevented from proceeding with a previous § 1983 lawsuit and preparing a defense in his criminal case. (Doc. 2, at 3.) However, to state a viable claim for the infringement of the right to access the courts, a plaintiff must demonstrate resulting prejudice to a non-frivolous civil rights or criminal action. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (holding inmate claiming lack of access must demonstrate his prison officials impeded non-frivolous civil rights or criminal action); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("An inmate who claims his access to the courts was denied fails to state a claim without any showing of prejudice to his litigation."). A review of this Court's docket demonstrates that Plaintiff's previously filed §1983 case remains pending, and it does not appear

that Plaintiff has missed any deadlines or suffered prejudice to that litigation as a result of his transfer. (*Compare* Doc. 2, at 2–3, *with Terry Edward Ellison v. Steve Ellis, et al.*, 3:19-cv-182 (E.D. Tenn.).)

Plaintiff also contends, however, that he was "prevented. . . from properly preparing a defense for [his] criminal case in Claiborne County Court" due to Lt. Berry's actions. (Doc. 2, at 3.) The Court notes that Plaintiff's complaint is silent as to whether he had an attorney assisting him with his pending criminal charges. (*See generally* Doc. 2.) However, the Sixth Amendment guarantees the assistance of counsel in all criminal prosecutions. *See* Const. amend. VI; *Gideon v. Wainwright*, 372 U.S. 335, 342–43 (1963). Given the constitutional guarantee of counsel and the absence of any indication in Plaintiff's complaint that he represented himself in his criminal case, the Court declines to presume that Plaintiff lacked an attorney's assistance with his Claiborne County charges. The assistance of an attorney satisfies the constitutional right to access the courts; prisoners with counsel have no right to conduct independent legal research. *See Lamp v. Iowa*, 122 F.3d 1100, 1106 (8th Cir. 1997) (finding appointment of counsel by state satisfies burden of assuring access to the courts); *Meeks v. Cal. Dep't of Corrs*., Nos. 91-56104, 91-55923, 1993 WL 330724, at *2 (9th Cir. Aug. 31, 1993) ("Inmates are entitled to either adequate law libraries or adequate assistance from persons trained in the law, but certainly not both." (citing *Bounds*, 430 U.S. at 828)).

In sum, Plaintiff has not demonstrated that he was prejudiced by his inability to access his legal materials during his temporary transfer to the Blount County Jail on February 11, 2020. Accordingly, Plaintiff's claim for denial of access to the courts will be **DISMISSED**.

### ii. PREA Investigation

Next, Plaintiff claims that his constitutional rights were violated when Sheriff Bobby Brooks failed to conduct a PREA investigation into his complaint of unwanted sexual harassment and contact. (Doc. 2, at 4.) However, there is no constitutional basis for a private cause of action for non-compliance with PREA. *See Gennoe v. Washburn*, No. 3:19-cv-00478, 2019 WL 5693929, at *5–6 (M.D. Tenn. Nov. 4, 2019) (collecting cases). Therefore, Plaintiff has not stated a constitutional claim by alleging a PREA violation, and this claim will be **DISMISSED**.

### iii. Retaliation

Third, Plaintiff argues that his transfers between Blount County Jail and the Claiborne County Jail were retaliation for his legal complaints. (Doc. 2, at 5.) However, to establish a retaliation claim, Plaintiff must show that: (1) he "engaged in protected conduct; (2) an adverse action was taken against [him] that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two – that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). However, facility transfers are incidental to prison life, and thus, the mere fact of a transfer does not constitute an adverse action. *See, e.g.*, *Siggers-El v. Barlow*, 412 F.3d 693, 704 (6th Cir. 2005). Moreover, a Plaintiff's subjective belief that he has been retaliated against is insufficient to state a claim. *Johnson v. Rodriguez,* 110 F.3d 299, 310 (5th Cir. 1997). Accordingly, the Court finds Plaintiff's conclusory allegations of Defendants' retaliatory motives insufficient to state a claim under § 1983. *See, e.g.*, *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987). Therefore, this claim will be **DISMISSED**.

###### iv.  *Physical-Injury Requirement*

Finally, the Court notes that under the PLRA, a lawsuit brought by an institutionalized person requires a "physical" injury in order to recover.  *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]").  Plaintiff has not alleged any physical injury as a result of the constitutional violations alleged in the complaint, and therefore, even if Plaintiff had stated a viable constitutional violation, his request for monetary compensation for "pain and suffering" is not permitted under the PLRA.

## III.  CONCLUSION

For the reasons set forth above:

1.  Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) is **GRANTED**;

2.  Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3.  The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4.  The Clerk is **DIRECTED** to mail a copy of this memorandum opinion and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, to the Attorney General for the State of Tennessee, and to the Court's financial deputy;

5.  Plaintiff has failed to state a claim upon which relief may be granted under § 1983, and this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

6.  The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  *See* Fed. R. App. P. 24.

**SO ORDERED.**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**